**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS) ORDER RE DEFENDANTS CMC, DBNT AND MERS' MOTION TO DISMISS (Dkt. 34)

DEFENDANTS CMC, DBNT AND MERS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT (Dkt. 36)

DEFENDANT OLD REPUBLIC DEFAULT MANAGEMENT SERVICES MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (Dkt. 42)

**I.    Introduction**

This action arises from the scheduled foreclosure sale of Plaintiffs' property in Moorpark, California. In their First Amended Complaint (the "FAC") (Dkt. 1, Exh. A at 97) Plaintiffs Isaias and Clarita Barcarse brought nine claims against Defendants Central Mortgage Co. ("CMC"), Deutsche Bank National Trust Co. ("DBNT"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Old Republic Default Management Services ("Old Republic") (collectively, "Defendants"). Defendants moved to dismiss that complaint. Dkt. 8. Their motions were granted (Dkt. 31) without prejudice to Plaintiffs filing an amended complaint that conformed to that order. Plaintiffs subsequently filed a second amended complaint (the "SAC") (Dkt. 33) asserting five causes of action. Defendants' CMC, DBNT and MERS have jointly moved to dismiss the SAC. Dkt. 34. Defendant Old Republic has filed a separate motion to dismiss. Dkt. 42. (The motions are referred to collectively as the, "Motions to Dismiss"). CMC, DBNT, and MERS have filed a joint motion to strike portions of the SAC (the "Motion to Strike"). Dkt. 36.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, this matter is appropriate for decision without oral argument. For the reasons stated herein, Defendants' Motions to Dismiss are GRANTED with prejudice. As a result, the Motion to Strike is MOOT.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

**II.     Factual Background**

On March 2, 2005, Plaintiffs executed a Note in the amount of $547,500, and a Deed of Trust, through which the Note was secured by their real property located at 3990 Weeping Willow Dr., Moorpark, California (the "Property"). Downey Savings and Loan Association, F.A. ("DSLA") was the lender and beneficiary under the Deed of Trust. The named trustee was DSL Service Co. *See* Defendants' Request for Judicial Notice ("RJN"), Dkt. 38-1, Exh. A.

In their SAC, Plaintiffs allege that, around the time that the Note was made, DSLA attempted to transfer the Note and Deed of Trust into the DSLA Mortgage Loan Trust 2005-AR3 (the "Securitized Trust"), a pool of securitized loans. SAC ¶¶ 25-26. Plaintiffs allege that this was a Real Estate Mortgage Investment Conduit ("REMIC"),1 which was a trust governed by New York law. *Id.* ¶¶ 31-35. Plaintiffs also allege that DBNT was named as trustee for the certificate holders of the Securitized Trust. *Id.* ¶ 28. Plaintiffs allege that the securitization and sale of the Note and Deed of Trust violated the provisions of the Pooling and Service Agreement ("PSA") of the Securitized Trust. Thus, they allege that the PSA required that the Note be properly transferred to the Securitized Trust before its "Closing Date" of May 25, 2005. *Id.* ¶¶ 26, 29. Plaintiffs allege that there is no record of any assignment of the Deed of Trust or the Note by DSLA to the sponsor of the Securitized Trust on or before the Closing Date. *Id.* ¶ 27. Therefore, Plaintiffs allege that the Note cannot be a part of the Securitized Trust and is not one that DBNT can enforce.

On December 13, 2005, DSLA assigned all right, title, and interest in the Deed of Trust "together with the certain note(s) described therein" to MERS as a nominee for CMC. RJN, Exh. B. The assignment designated an earlier effective date of December 1, 2005, and was signed on December 13, 2005, by Crystal Moore, who was identified as a Vice President of DSLA. *Id.*

Plaintiffs allege that the December 2005 assignment was a fraudulent attempt by DSLA to "paper over" the untimely and ineffective transfer to the Securitized Trust. SAC ¶ 49. Plaintiffs contend that this assignment was fraudulent because DSLA had no offices in Florida -- where the transfer was notarized -- and because Crystal Moore was not an officer of DSLA, but rather was an employee of Nationwide Title Clearing. *Id.* ¶ 43. Plaintiffs allege that this signature was actually a "robo-signature" created by a Florida company involved in a "robo-signing controversy." *Id.* Plaintiffs assert that, because the transfer to the Securitized Trust was defective, and the transfer to MERS, which Crystal Moore executed, was fraudulent, Defendants are not related to the Deed of Trust and lack any authority to foreclose on the Property. *Id.* ¶ 51.

On March 9, 2012, the Deed of Trust, "together with the Promissory Note secured by said Deed of Trust," was assigned by MERS to CMC. RJN, Exh. C. Plaintiffs defaulted on the loan, and on March 19, 2012, Old Republic, as agent for CMC, recorded a notice of default on the Property. RJN, Exh. E. On May 15, 2012, CMC substituted Old Republic as the trustee of the Deed of Trust. RJN, Exh. D. Plaintiffs failed to cure the default on the Deed of Trust, and a notice of trustee's sale was recorded on the property on June 20, 2012. RJN, Exh. F.

---

1 REMIC trusts allow for the pooling of mortgage loans, and under U.S. federal tax law, REMIC trusts are not taxed at the entity level.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

Defendants contend that, on November 21, 2008, DSLA was declared insolvent and the FDIC was appointed as its receiver. Dkt. 35 at 11. On that same date, the banking operations of DSLA were sold to U.S. Bank, N.A. in a transaction facilitated by the FDIC. RJN, Exh. G. The sale was governed by a Purchase and Assumption Agreement. RJN, Exh. H.

These allegations are illustrated in the following diagram:



**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

**III.  Procedural Background**

On June 27, 2012, Plaintiffs filed a complaint with respect to the foregoing matters in an earlier proceeding: *Isaias R. Barcarse, et al. v. Central Mortgage Company, et al.*, 2:12-CV-05608-JAK (FFMx). There, they advanced claims for declaratory relief, negligence, quasi-contract, violations of 12 U.S.C. § 2605, violations of 15 U.S.C. § 1692 *et. seq.*, violations of California Business and Professions Code § 17200 *et. seq.*, an accounting, and to quiet title. Defendants filed a motion to dismiss. 2:12-CV-05608-JAK (FFMx), Dkt. 29. A week before the hearing, Plaintiffs dismissed the prior action. 2:12-CV-05608-JAK (FFMx), Dkt. 39.

On October 18, 2012, Plaintiffs brought the present action in the Ventura County Superior Court. In their complaint in that action, they asserted many of the same claims that had been advanced in the federal action that they had dismissed. Dkt. 1, Exh. A. On March 20, 2013, Plaintiffs filed a First Amended Complaint ("FAC") in the Superior Court. *Id.* at 97. On June 18, 2013, Defendants removed the Superior Court action based on diversity jurisdiction. Dkt. 1.

**IV.  Motions to Dismiss**

  **A.  Legal Standard**

Rule 12(b)(6) provides that an action may be dismissed if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Plausibility is achieved when the pleadings contain factual elements that allow the court to draw a reasonable inference that misconduct occurred. *Id.*

When considering a motion to dismiss, a court should first separate the "recitals of the elements of [an] action" from the factual allegations. *Id.* The court should then assume the factual allegations are true, and ignore the legal conclusions. *Id.* After eliminating the bare legal conclusions from the complaint, the court should review the factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, where a set of facts, even if true, would not entitle the plaintiff to relief, dismissal is appropriate. *Id.*

Further, "in dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay. Further, the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal citations omitted).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

### B.     Issues Related to Multiple Claims

#### 1.     Plaintiffs Lack Standing Because they have Failed to Tender

Defendants argue that the Plaintiffs lack standing to bring their claims because they have "failed to demonstrate their willingness [or] ability to meet the tender rule." Dkt. 35 at 13-14.

The tender rule requires that a borrower seeking to enjoin or set aside a foreclosure must allege that he offered to tender the payment of the borrower's loan obligation and was able to do so at the time the offer was made. *Karlsen v. Am. S&L* Ass'n, 15 Cal. App. 3d 112, 118 (1971). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009). The tender rule applies at all stages of a foreclosure proceeding; this includes all times prior to the foreclosure sale. *Fammilop v. Wells Fargo Bank, N.A.*, 2011 WL 61614, at *3 (C.D. Cal. Jan. 4, 2011) ("a plaintiff is required to offer tender for the full amount owed to sustain a cause of action in regards to any aspect of the sales procedure."). Under California law the tender rule applies to "any cause of action implicitly integrated to the sale" of the plaintiff's property. *Montoya v. Countrywide Bank, F.S.B.*, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009); *see also Abdallah v. United Sav. Bank*, 3 Cal. App. 4th 1101, 1109 (1996).

Plaintiffs claim that the tender rule does not apply when its imposition would be inequitable toward the borrower. Dkt. 48 at 13 (*citing Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997)). In particular, "if the action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmat[ion] of the debt." *Onofrio*, 55 Cal. App. 4th at 424. Furthermore, Plaintiffs assert that the tender rule cannot apply when, after the substitution of a trustee, the basis for enjoining the sale is on grounds other than procedural irregularities. Dkt. 48 at 14 (*citing Johnson v. HSBC Bank USA, Nat. Ass'n*, 2012 WL 928433 at *6 (S.D. Cal. March 11, 2012)).[2] Plaintiffs also cite *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013) for its statement that "[t]ender is not required where the foreclosure sale is void, rather than voidable." *Id.* at 1100. However, as discussed below, *Glaski* does not apply to the facts of the present case. And, Plaintiffs' attempt to model the SAC after the facts of *Glaski* fails because the SAC contains internal inconsistencies with respect to Plaintiffs' claims.

Plaintiffs' SAC asserts a willingness and ability to comply with the tender rule. However, like the FAC, the SAC does not plead facts sufficient to support Plaintiffs' ability to tender the remaining balance of the loan at the time of the demands that they made. Defendants assert, therefore, that each of Plaintiffs' causes of action is deficient. This argument is persuasive as to certain of the present claims. As the Court stated in its prior Order granting Defendants' first motion to dismiss, a willingness to comply with the tender rule is insufficient. Dkt. 31 at 3-4. Rather, Plaintiffs must plead facts that show they could tender the amount due. For these reasons, the tender rule bars Plaintiffs' claims for declaratory relief, quiet title, and unfair

---

2  Plaintiffs also contend that it is inequitable to apply the tender rule when the plaintiff has challenged the foreclosure proceedings pursuant to Civil Code § 2923. Dkt. 48 at 14 (*citing Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010)). However, none of the causes of action in the SAC asserts a challenge under this statute.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

business practices.[3] Each is "implicitly integrated" with the pending foreclosure of the Property. However, Plaintiffs' claims for negligence and quasi-contract are not "implicitly integrated." Rather, they concern payments by the Plaintiffs that they allege were wrongfully made to Defendants CMC or DBNT.

        2.        <u>Plaintiffs' "Robo-signing" Claims Fail</u>

In their SAC, Plaintiffs claim that the signator on the first assignment of the Deed of Trust was not an officer of DSLA, but an employee of Nationwide Title Clearing, Inc. SAC ¶ 43. As a result, Plaintiffs argue, the assignment was void. However, as noted in the Court's prior order granting Defendants' first motion to dismiss, Plaintiffs' factual allegations regarding Moore are speculative, and California district courts have dismissed claims based on similar assertions. Dkt. 31 at 4. Further, the Court stated that Plaintiffs previously failed to state a legal theory to which their robo-signing claims were relevant. *Id.* In the SAC, Plaintiffs claim that their robo-signing claims are relevant to their negligence and unfair business practices causes of action. SAC ¶ 101, 122. However, in their second attempt to state a legal theory to which their robo-signing claims are relevant, Plaintiffs have failed to state how DBNT and CMC breached their respective duties of care or engaged in unfair business practices by relying on documents that had been robo-signed in the course of the foreclosure process. Thus, to the extent these robo-signing allegations underlie Plaintiffs' negligence and unfair business practices causes of action, Plaintiffs' claims are dismissed.

        3.        <u>Plaintiffs Lack Standing to Challenge Defendants' Ability to Foreclose</u>

Defendants repeat the argument, which they made in their motion to dismiss the FAC, that Plaintiffs lack standing to challenge the Defendants' ability to foreclose. Dkt. 35 at 13-23 (*citing Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th. 1149 (2011)). In *Gomes*, the plaintiff brought an action for "wrongful foreclosure" and declaratory relief under Cal. Civ. Code § 2924a that challenged the defendant's authority to foreclose. The Court of Appeal affirmed the trial court's decision to sustain a demurrer to plaintiff's claim without leave to amend. The basis for this conclusion was that the plaintiff was seeking to impose a requirement that was neither found in California's statutory non-judicial foreclosure framework nor consistent with the policy of nonjudicial foreclosure. *Id.* at 1153, 1155 n.5; *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256 (2011); *Debrunner v. Deutsche Bank National Trust Company*, 204 Cal. App. 4th 433 (2012).

In its prior order, the Court stated that Plaintiffs' causes of action that sought to challenge Defendants' authority or standing to foreclose were barred by *Gomes*. Dkt. 31 at 4. However, the Court noted that certain of Plaintiffs claims sought other relief as well. *Id.* Thus, they were also attempting to recover money that was allegedly wrongfully paid to parties that actually held no interest in their loan.

In the SAC, Plaintiffs' claims for declaratory relief, quiet title, and unfair business practices again challenge Defendants' standing to foreclose. These claims are barred by *Gomes*. However, Plaintiffs claims for negligence and quasi-contract, which seek the recovery of monies they allegedly paid to DBNT and CMC, survive because they are not barred under *Gomes*.

---

[3] Plaintiffs' claim for unfair business practices is premised on Defendants alleged "wrongful foreclosure" of the property. SAC ¶¶ 109-21.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

4.  Plaintiffs Lack Standing to Challenge the Alleged Securitization of their Loan

Plaintiffs' SAC, like the FAC, asserts that Defendants violated the terms of the PSA for the Securitized Trust to which DSLA allegedly attempted to transfer Plaintiffs' Note and Deed of Trust. Thus, they allege that the transfers were supposedly made after the date on which such actions could be taken under the PSA. As a result, Plaintiffs claim that the transfer was not effective and that DBNT and CMC have neither rights under the Note and Deed of Trust nor any ability to commence foreclosure proceedings against the Property. Plaintiffs again rely on *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079 (2013), in support of their claim that they have standing to challenge the assignment of their loan. In *Glaski*, the court held that California law allows a borrower to challenge an assignment of his or her note and deed of trust if the defect asserted would render the assignment void. *Id.* at 1095. And, under the New York law that governed the securitized trust in that case, a post-closing date transfer was the type of defect that rendered the transfer void. *Id.* at 1097. As stated in this Court's prior order

> In *Glaski*, the trust at issue was formed under New York law. As a result, *Glaski* determined whether the transfer was void under New York Estates, Powers, & Trusts Law, section 7-2.4, which provides: "If the trust is expressed in an instrument creating the estate of the trustee, every sale, conveyance or other act in contravention of the trust, except as authorized by this article and by any other provision of law is void." *Glaski* interpreted this provision literally, reasoning that such a reading of the statute protected beneficiaries of the trust "from the potential adverse tax consequence of the trust losing its status as a REMIC trust under the Internal Revenue Code." *Id.* at 1097.

Dkt. 31 at 5 (footnote omitted). For this reason, *Glaski* concluded that a borrower had standing to challenge whether the trust had the authority to transfer title in the borrower's note. That transfer was the basis on which the later holder of the note had sought to foreclose.

In its prior order, the Court dismissed Plaintiffs' FAC notwithstanding *Glaski*, reasoning that "Even if *Glaski*'s interpretation of New York law were accepted, the decision is premised on the fact that the acquiring entity was a REMIC trust. Plaintiffs, however, have not pleaded sufficient facts to suggest that the DSLA Mortgage Loan Trust was a REMIC trust subject to the special provisions of the Internal Revenue Code." Dkt. 31 at 6. In their SAC, Plaintiffs have alleged that the Securitized Trust to which DSLA allegedly attempted to transfer the Deed of Trust and Note was a REMIC trust governed by New York law. *See* SAC ¶¶ 31-35.

Plaintiffs' attempt to model their SAC after the facts of *Glaski* fails. *First*, Plaintiffs' SAC has internal factual inconsistencies; they demonstrate that *Glaski* is not applicable here. Thus, Plaintiffs assert that DSLA attempted to transfer the Note and Deed of Trust to the Securitized Trust in violation of the PSA. SAC ¶¶ 26-35. However, Plaintiffs' claims regarding the alleged securitization of the loan are speculative and contradicted by the documents attached to the SAC, of which judicial notice may be taken. These documents include a later assignment of the Deed of Trust and Note from DSLA to MERS, and another from MERS to CMC. These later assignments are not dependent on the allegedly faulty transfer to the Securitized Trust. Thus, even if DSLA attempted to transfer the Deed of Trust to the Securitized Trust, and even if that alleged attempted transfer had been faulty and ineffective, the SAC concedes that there

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

was a clear, alternative chain of assignment from DSLA to MERS to CMC. Plaintiffs' faulty securitization theory is, therefore, contradicted their own allegations. Any alleged defects in the securitization process did not affect Plaintiffs' duty to make mortgage payments to CMC.

*Second*, even if Plaintiffs' faulty securitization theory were accepted, the Court is not persuaded that it should adopt *Glaski* as a definitive and correct statement of law. *Glaski* has not been adopted universally. Another California Court of Appeal, in a decision that preceded *Glaski,* held that borrowers lacked standing to enforce any agreements relating to the securitization of their loan. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013). As that court explained, this lack of standing applied to "the investment trust's pooling and servicing agreement" relating to the securitization of the loan. Although the court in *Jenkins* did not address the issue whether a post-closing date assignment was void or voidable under New York law, the court stated that "even if the asserted improper securitization . . . occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note." *Id.* Thus, "as an unrelated party to the alleged securitization," borrowers lacked standing to enforce any agreements relating to the securitization of the loan. *Id.* The court in *Glaski* did not address *Jenkins*.[4]

The majority of federal district courts that have addressed the issue whether a borrower has standing to challenge securitization of a note by its transfer to a trust in an allegedly defective manner, are in accord with *Jenkins*.[5] And, several state and district courts that have analyzed the effect of New York law on post-closing date acquisitions, like the one at issue in *Glaski*, have concluded that such transfers are voidable rather than void. *Calderon v. Bank of Am. N.A.*, 2013 WL 1741951, at *11 (W.D. Tex. Apr. 23, 2013) (even if the transfer to the securitized trust were after the closing date of the PSA, an "after-the-deadline transaction would merely be voidable" under New York law) (*citing Mooney v. Madden*, 587 N.Y.S.2d 775 (1993)); *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*, 981 N.E.2d 1, 8 (Ill. App. Ct. 2012). The rationale for these decisions is that New York courts do not apply New York Estates,

---

[4] *Glaski* is also inconsistent with the decision of another California Court of Appeal, which held that, to state a claim premised on a challenge an assignment of a deed of trust, a plaintiff must allege that the purported assignment was invalid, and that the defendant did not receive an assignment of the debt "in any manner." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011). That court reasoned that "assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded." For this reason, "[t]he lender could readily have assigned the promissory note to [the defendant] in an unrecorded document that was not disclosed." *Id.* Because the plaintiff failed to assert that the defendant had not received an assignment of the debt "in any manner," the court held that the plaintiff had not properly alleged a claim for wrongful foreclosure. *Id.* This case presents similar allegations. There is evidence of a chain of title from DSLA to MERS to CMC. Plaintiffs challenge the alleged assignment from DSLA to the Securitized Trust based on alleged violations of the PSA. However, Plaintiffs do not allege that there was not an assignment of the Note "in any manner."

[5] *See Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98996, at *30-31 (C.D. Cal. June 14, 2013) (plaintiffs did not have standing to challenge alleged defects in the securitization process because *'*[e]ven if procedurally defective, any transaction through which defendants securitized their interest in the loan and deed of trust that occurred subsequent to the date [the lender] loaned money to plaintiffs does not impact plaintiffs"); *see also Armeni v. America's Wholesale Lender*, 2012 WL 253967 (C.D. Cal. Jan. 25, 2012); *Mobine v. OneWest Bank, FSB*, 2012 WL 1520116 (S.D. Cal. Apr. 27, 2012); *Bernardi v. JP Morgan Chase Bank, N.A.*, 2012 WL 2343678 (N.D. Cal. June 20, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

Powers & Trusts Law § 7-2.4 literally. Rather, "New York courts have held that a beneficiary can ratify a trustee's ultra vires act." *Calderon*, 2013 WL 1741951, at * 11 (*citing Matter of Estate of Janes,* 659 N.Y.S.2d 165 (1997) (acknowledging that a beneficiary may ratify a trustee's ultra vires act if "the ratification was done with knowledge of material facts"); *Hine v. Huntington,* 103 N.Y.S. 535, 540 (1907) ("We have before this called attention to the fact that the cestui que trust is at perfect liberty to elect to approve an unauthorized investment and enjoy its profits, or to reject it at his option.")); *Bank of Am. Nat. Ass'n*, 981 N.E.2d at 8 (*citing Mooney*, 597 N.Y.S.2d at 776 ("A trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement.")).[6]

More recently, other district courts have declined to follow *Glaski*, noting that it is "in a clear minority" on the issue of standing. *Newman v. Bank of New York Mellon*, 2013 WL 5603316 (E.D. Cal. Oct. 11, 2013); *see also Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 WL 5568737 (S.D. Cal. Oct. 3, 2013) (disagreeing with *Glaski's* conclusion that a violation of the PSA renders a transfer void rather than voidable). One court reasoned that *Glaski's* interpretation of New York Estates, Powers, and Trusts § 7-2.4 "would injure the parties that the statute is intended to protect" because the purpose of the relevant provisions of the PSA is to "avoid[] later challenges" to transfers into the trust, and "certificate holders would be harmed if they could not receive foreclosure proceeds because a transfer . . . did not comply with [the PSA]." *Deutsche Bank Nat. Trust Co. v. Adolfo*, 2013 WL 4552407, at *3 (N.D. Ill. Aug. 28, 2013).

Based on an independent analysis of the operative legal issue, the Court concludes that the PSA governs relationships among the trustee, the loan servicer, and the depositor of the loan into the Trust. It does not have an effect on the borrower's rights or duties under the loan. Plaintiffs were neither parties to the PSA nor beneficiaries of the Securitized Trust. As such, Plaintiffs do not have standing to challenge the validity of the Trust's acquisition of assets under the PSA. Therefore, because each of Plaintiffs' causes of action relies either on this theory or the "robo-signing" allegations, they all fail. Thus, each of Plaintiffs' causes of action is dismissed for these reasons as well as those discussed below.

     5.  <u>Plaintiffs Failed to Plead Any Wrongdoing by Defendant Old Republic</u>

If a substitution of trustee is "effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries shall cause a copy of the substitution to be mailed, prior to the recording thereof . . . to the trustee then of record and to all persons to whom a copy of the notice of default would be required to be mailed." Cal. Civ. Code § 2934a(b). Under Cal. Civ. Code § 2924(b), a trustee "shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage."

Plaintiffs bring three causes of action -- declaratory relief, quiet title, and unfair business practices -- against all defendants, including Old Republic. Plaintiffs' only factual allegation as to Old Republic is that "no valid substitution of Old Republic [as trustee] has occurred" because "[a]ny Substitution of Trustee

---

[6] *Glaski* noted this disagreement, but interpreted the New York statute differently. 218 Cal. App. 4th at 1096.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

recorded by [DBNT or CMC] is a fraudulent document," SAC ¶¶ 60-61. Therefore, Plaintiffs contend, Old Republic is not authorized to act as trustee under the Deed of Trust. *Id.* ¶ 62. Plaintiffs allege that Old Republic, "with complete knowledge of the fraud perpetrated by the other Defendants[,] nevertheless participated in, and continued to participate in, the foreclosure process and has wrongfully purported to act and wrongfully continued to act as Trustee by executing and recording a Notice of Trustee's sale." *Id.* ¶ 67.

Here, Old Republic, as an agent for CMC, executed the notice of default on March 16, 2012; it was then recorded March 19, 2012. RJN, Exh. E. On May 15, 2012, CMC substituted Old Republic as the trustee under the Deed of Trust. RJN, Exh. D. The notice of sale was recorded on June 20, 2012. RJN, Exh. F. Thus, the substitution of trustee was effected after the notice of default, but prior to the recording of the notice of sale, which triggered the requirements of Section 2934a(b). However, the substitution of trustee contains the affidavit of mailing as required by Section 2934a(b). *See* RJN, Exh. D. Thus, Old Republic was properly substituted as trustee. Moreover, as discussed in Section IV.B.4, *supra*, Plaintiffs' theory as to CMC's lack of interest in the Deed of Trust fails as does their corresponding claim that CMC's substitution of trustee was fraudulent.

As a trustee under the Deed of Trust, Old Republic's "only obligations are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." *Heritage Oaks Partners v. First Am. Title Ins. Co.,* 155 Cal. App. 4th 339, 345 (2007). Plaintiffs do not allege that Old Republic breached either of these duties or otherwise engaged in wrongful conduct sufficient to support an unfair business practices claim. Furthermore, as trustee, Old Republic has not asserted any adverse interest in the property to support a claim for declaratory relief or quiet title. Dkt. 42 at 16. Thus, Plaintiffs have failed to plead any cause of action as to Defendant Old Republic. Plaintiffs have had at least two opportunities to plead their claims against Old Republic and have failed to include any allegations that Old Republic engaged in unlawful conduct. This claim is, therefore, dismissed with prejudice.

    **C.**    **Claim-By-Claim Analysis**

        1.    <u>Claim One: Declaratory Relief (Against All Defendants)</u>

The SAC repeats the principal allegations of the FAC as to CMC and DBNT. Thus, it alleges that neither CMC nor DBNT has a "secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust . . . ." *Compare* SAC ¶ 80, *with* FAC ¶ 66. Plaintiffs allege that DBNT and CMC claim to have a secured, enforceable interest in the Note, Deed of Trust, and Property, SAC ¶ 81, and that Defendants MERS and Old Republic assert that the interest is valid. *Id.* ¶ 82. Plaintiffs claim that this creates a "real and actually controversy . . . as to the respective rights of the parties to the matter, including ownership of the Property," *id.* ¶ 83. Plaintiffs seek a declaration as to the actual rights and obligations of the parties, and ask for "a determination as to whether Defendants's [*sic*] claim against Plaintiffs is enforceable and whether it is secured or unsecured by an [*sic*] right, title, or interest in Plaintiffs' property." *Id.* ¶ 86. Plaintiffs allege that, without such a declaration, they will suffer prejudice in that they will be unable to: (i) identify their true lender or creditor and to negotiate with it; (ii) conduct discovery and have the proper defendant's claim verified by a custodian of records; and (iii) discover the true amount they still owe. *Id.* ¶ 85.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

The SAC is distinct from the FAC in one narrow respect. Thus, Plaintiffs have added the allegation that they "have offered to and are ready, willing, and able to unconditionally tender their obligations and payments to the rightful owner and holder of their Note and Deed of Trust." SAC ¶ 88.

As stated in the Court's prior order, this claim fails for the following reasons:

> First, Plaintiffs do not allege any facts that suggest the presence of an actual controversy as to Defendants Old Republic or MERS. . . .
>
> Second, the alleged controversy between the Plaintiffs and CMC and DBNT has "already ripened" into a dispute that is more properly adjudicated through other causes of action. Plaintiffs' concerns over whom they owe and how much they owe are not prospective, but live controversies that can be addressed through their other causes of action.

Dkt. 31 at 7-8. Plaintiffs were offered a chance to amend their complaint to demonstrate that there are issues that could not be resolved by Plaintiffs' other, substantive claims. Plaintiffs have made no such allegations. Furthermore, Plaintiffs' claim for declaratory relief is premised on their claim regarding the alleged faulty securitization of their loan. For the reasons stated above, Plaintiffs have not alleged this theory in a coherent manner. Moreover, they lack standing to assert such a claim. For these reasons, Defendants' Motion is GRANTED as to this cause of action, without leave to amend.[7]

### 2. Claim Two: Quiet Title (Against All Defendants)

In its prior Order, the Court dismissed Plaintiffs' quiet title claim because it "failed to allege that [Plaintiffs] have paid, or are able to pay, the remaining balance of the Note and, therefore, have failed to state a cause of action to quiet title." Dkt. 31 at 8. However, the Court granted leave to amend the quiet title claim, stating that, "Plaintiffs may be able to plead a plausible quiet title claim should they demonstrate in an amended complaint that the reasoning of *Glaski* is applicable here; provided, however, that alone will not provide a basis for such claim against a party who does not assert a claim to title." *Id.*

In their SAC, Plaintiffs have pleaded an ability and willingness "unconditionally [to] tender their obligations and payments to the rightful owner and holder of their Note and Deed of Trust." SAC ¶ 93. However, Plaintiffs have not pleaded facts to support this assertion. And, as previously noted, in order properly to allege that the plaintiff is the rightful owner of the land, a plaintiff must allege that he has paid the outstanding debt on the property. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952 (N.D. Cal. 2010).

Moreover, although Plaintiffs attempt in their SAC to mirror the facts of *Glaski* by pleading that the Securitized Trust was a REMIC trust that is subject to New York law, the reasoning of *Glaski* is

---

7 Defendants DBNT and CMC have also moved to strike this claim, asserting that the Court's prior order granted Plaintiffs "leave to seek to amend to add such a claim in the future." Dkt. 31 at 8. Based on this language, Defendants contend that Plaintiffs could not include a claim for declaratory relief without first obtaining approval to do so through a motion to amend the complaint. Mot. to Strike, Dkt. 37 at 8. Because this claim is dismissed, this issue raised in the motion to strike is not addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

inapplicable and unpersuasive for the reasons discussed above. For these reasons, Plaintiffs' quiet title claim fails as a matter of law. Finally, Plaintiffs' quiet title claim fails as to Old Republic because, as trustee of the Deed of Trust, it does not claim any adverse interest in the Property. Dkt. 42 at 16. Defendants' Motions are GRANTED with prejudice as to this claim.

### 3. Claim Three: Negligence (Against DBNT and CMC)

The Court previously dismissed Plaintiffs' negligence claim because the FAC failed to plead "any facts that would support a finding that the Defendants owed the Plaintiffs a duty of care." Dkt. 31 at 9. Because Plaintiffs made no allegations of any special relationship between the parties, or that the loan was more than an "arms-length" transaction, Plaintiffs' negligence claim failed. *Id.*

In their SAC, Plaintiffs add two allegations relevant to whether DBNT and CMC owed Plaintiffs a duty of care. *First*, Plaintiffs allege that, "[i]n fabricating loan servicing documents prior to Defendant [DBNT] actually obtaining any legal interest in Plaintiffs' loan by lawful means, and in performing the other fraudulent conduct herein alleged, Defendants' [DBNT and CMC] acted outside the scope of traditional lenders." SAC ¶ 98. *Second*, Plaintiffs claim that Defendants have a duty to "follow California law with regard to enforcement of monetary obligations." SAC ¶ 99. However, as the Court noted in its prior Order, under California law, "a financial institution owes no duty of care to a borrower when 'the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" Dkt. 31 at 9 (*citing Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)). Plaintiffs' contention that DBNT and CMC acted fraudulently does not demonstrate that either exceeded the scope of its role as a traditional lender. Thus, Plaintiffs' additional allegations do not establish the basis for a duty that could form the basis for a negligence claim.

Even if the SAC contained allegations sufficient to establish that DBNT and CMC owed a duty of care, the negligence claims would still fail. Plaintiffs assert that DBNT and CMC each breached its duty of care by failing to follow the guidelines established in the PSA of the Securitized Trust, and "thereafter [by] taking the fraudulent course of conduct against Plaintiffs to attempt correction of this deficiency." SAC ¶ 100. These allegations repeat the prior averments with respect to the improper securitization of Plaintiffs' loan. However, as discussed above, Plaintiffs do not have standing to challenge any alleged defect in the securitization of their loan. Furthermore, Plaintiffs have failed to plead any injury that was proximately caused by the alleged breach. As explained above, the SAC alleges that, even if the securitization were defective, there remained a valid assignment from DSLA to MERS to CMC. Thus, Plaintiffs' failure to make payments under the Note and Deed of Trust, and not the allegedly defective securitization, was the cause of Plaintiffs' claimed injury. *See Rivera v. Aurora Loan Services, LLC*, 2010 WL 1709376, at *3-4 (S.D. Cal. April 26, 2010) ("The Court does not deny that losing her home would be an injury to her. But that . . . injury arises from her failure to perform under the promissory note and deed of trust."). Thus, Plaintiffs' claim for negligence fails. Defendants' Motions are GRANTED as to this claim, with prejudice.

### 4. Claim Four: Quasi-Contract (Against DBNT and CMC)

The prior Order with respect to the motions to dismiss the FAC stated that there are two theories upon which a claim for quasi-contractual, restitutionary recovery could be based:

Case 2:13-cv-04386-JAK-FFM   Document 58   Filed 01/16/14   Page 13 of 15   Page ID #:2166

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

> First, restitution may be appropriate "in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004). However, as a matter of law, there can be no "quasi-contract action for unjust enrichment," when there is a binding agreement that defines the parties' rights. *Cal. Med. Ass'n Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172 (2001). Second, restitution may be appropriate is when the defendant "obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct," yet the plaintiff "choose[s] not to sue in tort, but instead seek[s] restitution on a quasi-contract theory." *McBride*, 123 Cal. App. 4th at 388.

Dkt. 31 at 9-10. The Order went on to state that Plaintiffs' claim that CMC and DBNT were unjustly enriched by their acceptance of payments without acquiring an interest in the Plaintiffs' note sounded in tort. However, Plaintiffs had not adequately explained the theory on which their claim was based. For that reason, the claim advanced in the FAC was dismissed with leave to amend.

The SAC is identical to the FAC with regard to the allegations that underlie the quiet title claim. *Compare* SAC ¶¶ 104-07, *with* Compl. ¶¶ 86-90. There are no additional allegations in the SAC as to this claim nor a different presentation as to its legal basis. Here, there is a binding agreement that defines the parties' rights. Thus, under California law, no action for unjust enrichment can arise. *See Cal. Med. Ass'n, Inc.*, 94 Cal. App. 4th at 172. Further, Plaintiffs' quasi-contract claim is, once again, premised on the argument that DBNT and CMC did not have a right to the Note because of the alleged defective securitization. As discussed above, Plaintiffs do not have standing to challenge this claimed defect. For these reasons, Defendants' Motion as to Plaintiffs' claim for quasi-contract is GRANTED with prejudice.

5. <u>Claim Five: Unfair Business Practices (Against All Defendants)</u>

In the SAC, Plaintiffs' claim for unfair business practices is presented in three parts. The first, which is labeled, "Wrongful Foreclosure by Non-Holder of the Deed of Trust," is based on the allegedly defective securitization of the loan. SAC ¶¶ 109-20. The second, which is labeled "Violation of CA Homeowner Bill of Rights," is based on the robo-signing allegations. *Id.* ¶¶ 121-26. The third, which is labeled "CA Business & Professions Code section 17200," repeats the allegations in the FAC. *Id.* ¶¶ 127-40.

a) Claim One: Wrongful Foreclosure by Non-Holder of the Deed of Trust

The first claim in this cause of action is based entirely on Plaintiffs' allegations that the securitization of the loan was deficient under the terms of the PSA. Plaintiffs allege that Defendants' conduct is in direct violation of 12 U.S.C. § 2605(e) and Cal. Penal Code section 532f(a)(4) ("A person commits mortgage fraud if, with the intent to defraud, the person . . . Files or causes to be filed with the recorder of any county . . . any document the person knows to contain deliberate misstatement, misrepresentation, or omission.").

As discussed in the prior Order, in which the Court dismissed Plaintiffs' 12 U.S.C. § 2605(e) claim with prejudice, Plaintiffs' claims do not pertain only to the "servicing" of their loan. Thus, they cannot serve as the basis for an alleged violation of 12 U.S.C. § 2605. Plaintiffs' attempt to repackage their § 2605(e) claim as one for unfair business practices likewise fails.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

Similarly, Plaintiffs have not pleaded facts sufficient to support the claim that Defendants' conduct violated Cal. Penal Code § 532f(a)(4). Although Plaintiffs contend that the December 13, 2005 assignment of their loan occurred after the Closing Date of the Securitized Trust, they have not pleaded facts to show that the assignment contained a "deliberate misstatement, misrepresentation, or omission." Plaintiffs suggest that Defendants intended that the December 13, 2005 assignment would transfer the Note and Deed of Trust to the Trust after its Closing Date. However, under the present allegations, the December 13, 2005 assignment is unrelated to the alleged Securitized Trust. Thus, Plaintiffs have failed to plead facts sufficient to show that Defendants intended to defraud them when they filed the December 13, 2005 assignment of the Deed of Trust from DSLA to MERS.

        b)        Claim Two: CA Homeowner Bill of Rights

The second claim in this cause of action alleges that Defendants' wrongful foreclosure of the Property, which was based on the "robo-signed" documents, violates the California Homeowner Bill of Rights ("HOBR"). Section 2924.17 of the California Civil Code, which is a provision of the HOBR, prohibits the practice of "robo-signing." *See Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, 2013 WL 1196959, at *4 (N.D. Cal. Mar. 25, 2013). However, like "federal courts, 'California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application.'" *Id.* (quoting *Myers v. Philip Morris Companies, Inc.,* 28 Cal.4th 828, 841 (2002)). The HOBR was enacted in January 1, 2013, and does not state that it is to be applied retroactively. Plaintiffs' robo-signing allegations took place in 2005-2006. Therefore, Plaintiffs' robo-signing claim under the HOBR is not viable and is dismissed with prejudice.

        c)        Claim Three: Cal. Bus. & Prof. Code § 17200

The allegations in the SAC in support of the Section 17200 claim are identical to those made as to the same cause of action in the FAC. In the prior Order granting Defendants' Motion to Dismiss this claim as presented in the FAC, the Court stated that Plaintiffs: (i) lacked standing to bring this claim because a "cloud" over Plaintiffs' title did not constitute injury in fact for purposes of Cal. Bus. & Prof. Code § 17200; and (ii) offered a laundry list of unfair and fraudulent conduct, but failed to plead any facts to support these assertions. Dkt. 31 at 12-13.

Because Plaintiffs failed to add any more specific allegations in their SAC, this claim is dismissed. Plaintiffs still have not pleaded injury in fact by showing they: (i) expended money because of the defendant's acts of unfair competition; (ii) lost money or property; or (iii) were denied money or property to which they had a cognizable claim. *See Marilao v. McDonald's Corp.*, 32 F. Supp. 2d 1008, 1012 (S.D. Cal. 2009). Furthermore, even if the alleged "cloud" on Plaintiffs' title were a sufficient injury to support this claim, Plaintiffs have failed to plead the requisite causal connection between the alleged unfair business practices and their injury. *See In re Firearm Cases*, 126 Cal. App. 4th 959, 978 (2005) ("[T]he court was referring, not to concepts of legal causation, but to the need to show some connection between conduct by defendants and the alleged harm to the public. Even in a UCL unfairness case, there must be such a connection. Without evidence of a causative link between the unfair act and the injuries or damages, unfairness by itself merely exists as a will-o'-the-wisp legal principle."). As noted above,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-04386 JAK (FFMx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | Isaias R. Barcarse, et al. v. Central Mortgage Company, et al. | | |

Plaintiffs' injury is a result of their failure to make payments on the Note, and not due to any of Defendants' alleged actions. Finally, Cal. Bus. & Prof. Code § 17200 "borrows" violations of other laws and treats them as unlawful practices that may be independently actionable. *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992). Here, Plaintiffs' Section 17200 claim is based on its robo-signing and securitization allegations. However, for the reasons stated above, these claims are not viable. Therefore, because Plaintiffs' Section 17200 claim is deficient, it is dismissed with prejudice.

**V.       Motion to Strike**

   **A.       Legal Standard**

The Court may "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Improper prayers for relief may be stricken pursuant to a motion to strike if the complaint fails to allege facts supporting the plaintiff's entitlement to the requested relief. *See Santa Clara Valley Water District v. Olin Corp.*, 2007 WL 2890390, at *5 (N.D. Cal. Sept. 28, 2007) (striking prayer for punitive damages where plaintiff had not alleged facts necessary to support a punitive damages claim); *S.E.C. v. Berry*, 2008 WL 4065865 (N.D. Cal. Aug. 27, 2008) (striking request for disgorgement where "the defendant has not been unjustly enriched and there is nothing for her to disgorge"). However, "[c]ourts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations." *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004).

   **B.       Application**

Defendants CMC, DBNT, and MERS request that the Court strike Plaintiffs' cause of action for declaratory relief, and claims for punitive damages and attorneys' fees in the event the Court does not grant Defendants' Motions to Dismiss. Because those Motions were granted, the Motion to Strike is MOOT.

**VI.       Conclusion**

For the foregoing reasons, the Motions to Dismiss are GRANTED. The Motion to Strike is MOOT. This action is dismissed with prejudice. Defendants shall lodge a proposed judgment within 10 days of this Order. Plaintiffs shall timely file any objections to the proposed judgment in accordance with the Local Rules.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |